UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO: SA:06-CR-00272(1)-XR |
| | § | |
| (1) WILLIAM THOMAS ROGERS | § | |

ORDER

On this day the Court considered Defendant's "Appeal of Order of Detention Pending Trial."  Following two hearings, the magistrate judge found that there is a serious risk that the defendant would not appear for trial and that there is a serious risk that the defendant will endanger the safety of another person or the community.  Accordingly, the magistrate judge ordered that the defendant be detained pending trial in this case.

Defendant alleges that he is 63 years of age, in poor health, and recently suffered a heart attack.  He argues that he is not a flight risk, is alleged to have committed an offense that carries a maximum penalty of 3 years, that application of any sentencing guidelines would result in a punishment of less than 6 months, that he poses no danger to anyone, and that he has no previous criminal history.

"When a district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *U.S. v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992).

Pursuant to the Bail Reform Act, a defendant should be released pre-trial on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). This is to be determined by a detention hearing. § 3142(e). Detention can be ordered only in a case that involves one of the six circumstances listed in § 3142(f). *See United States v. Byrd*, 969 F.2d 106, 109 (5th Cir.1992). "A serious risk that the person will flee" is one of those six circumstances that warrants detention if there are no release conditions that will reasonable assure appearance of the defendant when required. § 3142(f)(2)(A).

Pursuant to section 3142(g), the "judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including--(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Defendant is charged with violating 18 U.S.C. section 912 (falsely assumes or pretends to be a federal officer).  He was arrested on May 4, 2006 in Pearsall, Texas driving a Jaguar outfitted with emergency lights.  The vehicle was

also equipped with nitrous oxide (allegedly used to enhance vehicle speed). He allegedly identified himself as a United States Marshall. He was carrying a loaded pistol on his person and had a loaded rifle in his car. He also had a stun gun, handcuffs, various photo ID's and "badges"stamped US Marshall and "United States Civic Enforcement Agency." The vehicle also had two magnetic door placards stating United States Marshall.

Defendant claims that there is no evidence that he is a flight risk. The Court disagrees. Defendant has acknowledged travels to Mexico in the recent past to allegedly purchase medicines. The defendant has an erratic and unstable work history. In addition, it is alleged that Defendant claims he was going to Mexico to hunt terrorists under secret orders.

Defendant also argues that there is no evidence that he will endanger the safety of another person or the community. Again the Court disagrees. The Defendant is alleged to have falsely presented himself to be a United States Marshall. Although Defendant correctly notes that there is no evidence that he is violent, should he again present himself as a law enforcement officer, a reasonable possibility exists that he could subject himself or others to danger. Although he was lawfully possessing weapons, he was doing so while allegedly posing as a law enforcement officer. There was evidence before the magistrate judge that this was not an isolated incident. As stated above, it is alleged that Defendant claims he was going to Mexico to hunt terrorists under secret orders. Defendant may have abused hydrocodone in the past. He is under various medications currently as a result of his recent medical problems.

Although the defendant has a supportive wife and friends that testified Defendant was not a flight risk or a danger, a reasonable assumption can be reached that Defendant's wife and others should have been aware that the Jaguar had been outfitted with emergency lights red and blue in color and similar to those used by law enforcement agencies. In addition, a reasonable assumption can be reached that they knew of Defendant's allegedly admitted numerous trips to Mexico.

Defendant argues that the magistrate judge should have imposed the least restrictive condition, or combination of conditions, that would reasonably assure his appearance and the safety of the community. To this end, Defendant argues that the magistrate judge should have ordered that he remain in the custody of his wife, that he be restricted from possessing weapons and placed on electronic monitoring. However, it is reasonable to assume that his family knew to some extent of the Defendant's infatuation with law enforcement agencies and was unable to control his behavior.

The magistrate judge correctly determined that there are no conditions of release that will reasonably assure the Defendant's appearance and the safety of the community. Defendant's appeal is DENIED.

SIGNED this 12th day of June, 2006.

_____

XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE